[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10681
Non-Argument Calendar

_____

D. C. Docket No. 05-10019-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT FRANKLIN CACHO CASANOVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 20, 2006)

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Robert Franklin Cacho Casanova appeals his 324-month sentence, which was imposed after he pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(j). On appeal, Casanova, who faced a Guidelines range of 324 to 405 months' imprisonment, argues that his 324-month, low-end sentence was unreasonable under the advisory Sentencing Guidelines and United States v. Booker, 543 U.S. 220 (2005), because the district court did not give enough weight to the fact that he was 66 years old at the time of sentencing.

After Booker, we review the ultimate sentence imposed under an advisory Guidelines scheme for reasonableness. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). We do not review each individual decision made during the sentencing process, however. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Our reasonableness inquiry is guided by the factors set forth at 18 U.S.C. § 3553(a). Id. at 1246; Booker, 543 U.S. at 261. A sentence within the Guidelines range is not per se reasonable, though "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

2

The district court must first accurately calculate the Guidelines range,[1] and then it "may impose a more severe or more lenient sentence" after considering the § 3553(a) factors. Crawford, 407 F.3d at 1179. These factors include the history and characteristics of the defendant, the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a). We have clarified that the district court is not obligated to specifically address and analyze on the record every § 3553(a) factor. Rather, a statement that the court considered the factors prior to imposing sentence is sufficient. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Here, imposition of Casanova's sentence fully complied with the Supreme Court's ruling in Booker. The district court explicitly stated that it was applying the Guidelines in an advisory fashion. The district court then gave Casanova the opportunity to present mitigating factors at sentencing, to which Casanova responded that because he was 66 years old, a sentence over 15 years would be equivalent to a life sentence. In connection with this argument, he noted that age is not "a determinant for lowering or a departure" and he did not expressly request a

[1]Casanova does not assert error in the district court's calculation of the advisory range of 324 to 405 months' imprisonment.

3

downward variance or a departure, but he did ask that the court consider his age under § 3553. The district court responded that age was not ordinarily a basis for a downward departure, but also stated that it had considered "the statements of all the parties" in reaching an advisory sentence. Ultimately, the court rejected Casanova's request for a sentence below the advisory range, stating that it had considered the § 3553(a) factors prior to imposing a sentence at the lowest end of the range Casanova faced.[2]

On this record, we can discern no <u>Booker</u> error in the imposition of Casanova's sentence, particularly given that this was not the first time Casanova was convicted of drug smuggling on the high seas -- a point the government highlighted in its response to Casanova's argument in support of a lower sentence based on his age.[3] <u>Cf. United States v. Dowd</u>, 451 F.3d 1244, 1256-57 (11th Cir.) (holding that a defendant's 305-month sentence was not rendered unreasonable due to his age of 65 years old where he had numerous prior felony convictions and still committed the instant violent felony at that age). Moreover,

---

[2]As for Casanova's argument that his medical condition, in addition to his age, rendered his sentence unreasonable, though he did not raise this as a mitigating factor at the sentencing hearing, despite being given the opportunity to do so, the underlying facts were included in the PSI, and the court specifically stated that it considered the PSI in fashioning an appropriate sentence.

[3]According to the PSI, in 1987, at the age of 47, Casanova was convicted of possession with intent to distribute marijuana and was sentenced to 20 years' imprisonment after he was caught on a vessel named the Dick II with over a 1,000 kilograms of marijuana onboard.

the offense of attempting to smuggle cocaine into the United States was relatively serious, the drug amount -- almost 2,000 kilograms of cocaine -- was significant, and Casanova had a prior conviction for a similar offense for which he had been sentenced to 240 months' imprisonment. Finally, it was undisputed that he served as the captain of the boat, directing the activities of the other crew members. Based upon all of these factors, even considering Casanova's age, his total sentence was reasonable.

**AFFIRMED.**